In its Opinion and Award, the majority denies plaintiff ongoing benefits. I respectfully dissent.
In the instant case, on 14 January 1999, the plaintiff was injured on the job when the dump truck flipped onto its side while plaintiff was inside the truck operating the "dumping" mechanism. Plaintiff was thrown against the passenger window and was immediately taken to the emergency room. Defendants do not deny this incident. Plaintiff continued to work following this accident until 10 February 1999, when plainitff was unable to work due to pain caused by the 14 January 1999 accident. In April 1999 plaintiff began doing some odd jobs for his friend John Roberts. For Mr. Roberts, plaintiff worked part-time and only performed tasks plaintiff was physically able to do when he was able to do them. When working for Mr. Roberts, the plaintiff was able to take breaks when he had to and took pain pills when necessary. Mr. Roberts paid plaintiff to do these tasks as a favor to plaintiff, who was having financial difficulties due to his disability. The money earned by plaintiff from Mr. Roberts is not reflective of wage-earning capacity in competetive employment. Plaintiff has been unable to work for Mr. Roberts since July 2001. The plaintiff was credible and the medical evidence of record establishes causation and plaintiff's ongoing disability as a result of the 14 January 1999 accident. Plaintiff received ongoing medical treatment for his back and neck condition and pain.
I believe that the plaintiff in this case suffered a compensable injury and should be paid temporary total disability compensation beginning 10 February 1999 and continuing until the plaintiff returns to work or further order of the Commission. Defendants should be given a credit for any monies earned by plaintiff for doing tasks for his friend John Roberts. Defendants should also provide for all related medical expenses. I respectfully dissent.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER